IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DREW SIEGEL,
*Plaintiff*

v. Civil Action No. 5:20-cv-778

WOUNDCENTRICS, LLC.,
*Defendant.*
______________________________________/

**PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF DREW SIEGEL ("Plaintiff"), by and through his counsel, and files this Complaint against DEFENDANT WOUNDCENTRICS, LLC. ("Defendant") for willful violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a), 2000e-3 ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and TEX. LAB. CODE §§ 21.051, 21.055 ("TCHRA"). In support of his causes of action, Mr. Siegel states the following:

## I.
## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff DREW SIEGEL is an individual residing in Cornelius, North Carolina. Plaintiff resided in this judicial district at all time relevant herein.

2. Defendant WOUNDCENTRICS, LLC is a limited liability company formed and existing under the laws of the State of Texas.

3. Defendant WOUNDCENTRICS, LLC at all relevant times owned and operated over 25 locations in the United States including the below-referenced location in New Braunfels, Texas.

4. The events at issue in this Complaint occurred at Defendant's New Braunfels, Texas.

5. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's claims arising under Texas statutory law under 28 U.S.C. § 1367.

6. Plaintiff exhausted his administrative remedies under Title VII and the TCHRA by timely filing two Charges of Discrimination and Retaliation with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission ("TWC").

7. Plaintiff timely filed this Complaint upon receiving notices of right to sue from the EEOC and the TWC.

8. Venue is proper in this district and division under 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

## II.
## FACTUAL BACKGROUND

9. Defendant hired Plaintiff in or around October 2018 to work as a Hyperbaric Technician in Defendant's New Braunfels location.

10. Plaintiff was a productive employee with no significant disciplinary history.

11. While employed by Defendant, Plaintiff experienced severe and pervasive abuse from other employees because he is Jewish.

12. For instance, two employees, Lacie Windhorst, Front Desk Manager, and Lauren Bohrer, Wound Care Nurse, referred to Plaintiff and another Jewish employee as "brother and sister," presumably implying that all Jews are related.

13. Instead of calling Plaintiff by his given name, Drew, Plaintiff's employees would refer to him as "Jew."

14. On another occasion, Windhorst made an obscene gesture towards Plaintiff in Defendant's parking lot.

15. Plaintiff was forced to endure constant and pervasive bullying that other, similarly-situated employees did not have to endure.

16. Plaintiff's superiors overzealously critiqued his performance and berated him over trivial matters in comparison to other, similarly-situated employees.

17. Plaintiff repeatedly reported this behavior to Andrew Ayala, Program Director.

18. Upon information and belief, Defendant did not take any measures to correct the behavior of Boher and Widhorst.

19. On or around June 2, 2019, Plaintiff submitted a formal written complaint for racial and religious discrimination to Defendant's HR department.

20. On June 11, 2019, Defendant reprimanded Plaintiff for "low standard(s) of performance and "carelessness".

21. On or about July 2, 2019, Plaintiff submitted a charge to the EEOC claiming discrimination on the basis of religion, race and national origin as well as retaliation, in violation of Title VII and the TCHRA.

22. On July 2, 2019, Plaintiff sent a copy of the EEOC charge along with a letter from the undersigned counsel referencing the EEOC charge to Defendant's corporate office. This letter was received by Defendant on July 3, 2019.

23. On July 11, 2019, Defendant terminated Plaintiff's employment.

24. Plaintiff subsequently filed an additional EEOC charge reflecting the termination.

## III. CAUSES OF ACTION

**Count 1: Racial Discrimination in Violation of Title VII, TCHRA, and Section 1981**

25. Mr. Siegel incorporates all statements of fact into his first cause of action as if repeated verbatim.

26. Title VII and the TCHRA prohibit discrimination targeted at employees on the basis of race.

27. Section 1981 protects the rights of individuals to make and enforce contracts free of racial discrimination.

28. Defendant is an employer within the meaning of Title VII and the TCHRA, and a liable entity under Section 1981.

29. Plaintiff was an employee within the meaning of Title VII and the TCHRA, and a person within the meaning of Section 1981, at all times relevant to his complaint.

30. Plaintiff, a Jewish employee, belongs to a class protected under Title VII and the TCHRA.

31. Defendant discriminated against Plaintiff's terms, conditions and privileges of employment based on his race, and failed to grant him the same rights in making and enforcing contracts, in violation Title VII, the TCHRA, and 1981 by:

a. perpetuating a severe and pervasively hostile work environment on the basis of race;

b. failing to take corrective action against acts of racial discrimination despite Plaintiff's complaints;

c. more zealously critiquing Plaintiff's performance in comparison to non-Jewish employees; and

d. terminating Plaintiff's employment.

32. Plaintiff's race was a motivating factor in Defendant's adverse treatment of Plaintiff and in Defendant's termination of Plaintiff's employment.

33. Defendant discriminated against Plaintiff based on his race intentionally and with reckless disregard to Plaintiff's rights under Title VII, the TCHRA, and Section 1981.

34. The unlawful practices committed by Defendant directly caused to Plaintiff's economic and non-economic harm, as set forth below.

**Count 2: Religious Discrimination in Violation of Title VII and TCHRA**

35. Plaintiff incorporates all statements of fact into his second cause of action as if repeated verbatim.

36. Title VII and the TCHRA prohibit discrimination on the basis of religion in employment.

37. Defendant is an employer within the meaning of Title VII and the TCHRA.

38. Plaintiff was an employee within the meaning of Title VII and the TCHRA and at all times relevant to his complaint.

39. Defendant discriminated against Plaintiff in the terms, privileges and conditions of his employment based on his religion in violation of Title VII and the TCHRA.

40. Plaintiff's religion was a motivating factor in Defendant's termination of him.

41. Defendant discriminated against Plaintiff because of his religion intentionally and with reckless disregard to Plaintiff's rights under Title VII and the TCHRA.

42. The unlawful practices committed by Defendant directly caused Plaintiff economic and non-economic harm, as set forth below.

**Count 3: Retaliation in Violation of Title VII and TCHRA**

43. Plaintiff incorporates all statements of fact into his third cause of action as if repeated verbatim.

44. Title VII and TCHRA prohibit retaliation against employees who oppose or report employment practices made unlawful thereunder.

45. Plaintiff engaged in protected activity under Title VII and TCHRA by making an internal race discrimination complaint, opposing race discrimination in the workplace, and filing charges of discrimination with the EEOC and TWC. Plaintiff engaged in this activity in good faith.

46. Plaintiff suffered adverse employment actions as a result of his protected activity including, but not limited to, warrantless reprimands and the eventual termination of his employment.

47. A causal connection exists between Plaintiff's protected activity and Defendant's adverse employment actions, including the termination of Plaintiff's employment.

48. Defendant retaliated against Plaintiff intentionally and with reckless disregard to his rights under Title VII and the TCHRA.

49. Defendant's unlawful retaliation caused Plaintiff economic and non-economic harm, as set forth below.

## IV. DAMAGES

50. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic damages, including past and future lost income, interest on back and front pay, lost earning capacity in the past and future, lost benefits under the contract or employment relationship, job search expenses, injury to his credit standing, and other consequential and incidental financial damages.

51. Plaintiff has also incurred other compensatory and actual damages as a result of Defendant's unlawful conduct, including emotional pain and suffering, mental anguish, loss of enjoyment of life injury to professional standing, injury to character and reputation and other non-pecuniary losses.

52. Defendant acted in reckless disregard to Plaintiff's rights to be free from racial and religious discrimination and unlawful retaliation and intentionally engaged in an unlawful employment practice by discriminating and retaliating against Plaintiff.

53. Defendant's oppressive and/or malicious conduct calls for the imposition of compensatory and punitive damages under 42 U.S.C. § 1981a and TEX. LAB. CODE § 21.2585(d) in an amount sufficient to deter Defendant from engaging in such acts of discrimination and retaliation in the future.

## V.
## ATTORNEY'S FEES

54. A prevailing party may recover reasonable attorneys' and experts' fees under Title VII and TCHRA.

55. Plaintiff seeks all reasonable and necessary attorneys' fees and expert witness fees in this case from Defendant.

56. Plaintiff additionally seeks recovery of all costs associated with the prosecution of this action.

## VI.
## JURY DEMAND

57. Plaintiff demands a trial by jury of all the issues and facts in this case.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

58. The Court assume jurisdiction of this case and that Defendant be cited to appear;

59. The Court award Plaintiff economic, compensatory, and punitive damages as specified above;

60. The Court award Plaintiff the equitable remedy of reinstatement or, in the alternative, front pay;

61. The Court award Plaintiff his reasonable attorneys' and expert fees and costs;

62. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed; and

63. The Court award Plaintiff any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

**ROSS SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone

*/s/ Daniel B. Ross*
**Daniel B. Ross**
Texas Bar No. 00789810
dan@rosslawgroup.com
**Trenton N. Lacy**
Texas Bar No. 24106176
trenton@rosslawgroup.com
**ATTORNEYS FOR PLAINTIFF**